UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE HERNANDEZ,<br><br>　　　　　Petitioner<br><br>　　v.<br><br>RAYMOND MADDEN, Warden,<br><br>　　　　　Respondent. | Case No. CV 20-4730-MWF (RAO)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE; GRANTING CERTIFICATE OF APPEALABILITY** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition ("FAP," Docket No. 18), Respondent's Answer to the FAP ("Answer"; Docket No. 32), the Traverse (Docket No. 38), Petitioner's Supplemental Brief on Claim One of the FAP (Docket No. 51), Respondent's Response to Petitioner's Supplemental Brief (Docket No. 55), Petitioner's Offer of Proof (Docket No. 76), the Report and Recommendation of United States Magistrate Judge ("Report"; Docket No. 79); Petitioner's Objections to the Report ("Objections"; Docket No. 81); Respondent's Response to the Objections ("Response"; Docket No. 86), and the other relevant records on file.

　　　　The Court has conducted a *de novo* review of the portions of the Report to which the Objections are directed.  Although not required, the Court briefly discusses the following points Petitioner's ineffective assistance of counsel claim in

Ground One. *See United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court order summarily adopting, without addressing any objections, a magistrate judge's report and recommendation).

  The Report finds Ground One fails under both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984), even under *de novo* review. (Docket No. 79 at 32-36). Regarding the deficient-performance prong, the Report concluded that trial counsel's assessment not to call as alibi witnesses Anthony Marinelli ("Marinelli") and Eddie Woodson ("Woodson") was not unreasonable because it risked putting deceitful testimony before the jury, as well as introducing critical evidence in support of the prosecution's case that Petitioner was seen driving a Nissan Altima in San Diego at the relevant time. (*Id.*). Regarding prejudice, the Report concluded that even if the alibi witnesses had testified, it is not reasonably probable that the jury would have reached a different outcome. (*Id.* at 36). Thus, the Report determined that Petitioner had failed to satisfy either *Strickland* prong, and habeas relief was therefore not warranted.

  The bulk of Petitioner's Ground-One objections repeat many of the arguments made in his Traverse and Offer of Proof and are adequately addressed in the Report. However, the Court addresses one matter raised in the Objections. Petitioner attaches to his Objections for the first time a declaration from Marinelli ("Marinelli Declaration") and asks the Court to "take any action it deems appropriate in light of this declaration." (Docket No. 81 at 8, 12-14). Respondent contends the declaration should not be considered at this late stage of the proceedings, particularly because Petitioner's investigator's explanation of the efforts undertaken to locate Marinelli earlier are wholly lacking. (Docket No. 86 at 18-19). Alternatively, Respondent contends that, even if the Marinelli Declaration is considered, the Report's recommendation on the *Strickland* prejudice finding still stands. (*Id.* at 19).

A district court has discretion but is not required to consider evidence or claims presented for the first time in objections to a report. *See, e.g., Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (district court is not required to consider evidence presented for the first time in objections); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (generally, the court must limit its review to the operative pleading). Despite the belated filing, the Court exercises its discretion and considers the Marinelli Declaration, but it does not arrive at a different conclusion from the Report. First, Marinelli's declaration repeats the offer of proof submitted by counsel, which the Magistrate Judge weighed in the Report. (Docket No. 79 at 32-33). Second, as noted, the Report concluded that—even if Marinelli had testified—there is not a reasonable probability that the outcome would have been different. (*Id*. at 36). Marinelli's inconsistent statements made him vulnerable to impeachment and credibility challenges, and his testimony regarding seeing Petitioner drive a Nissan Altima—the same vehicle as the shooter in the pertinent time frame—would have bolstered the prosecution's case. (*Id*. at 34-36).

Accordingly, the Objections are overruled. However, the Court nonetheless finds Ground One sufficiently debatable amongst jurists of reason to warrant a certificate of appealability ("COA") on that issue. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Martinez v. Shinn*, 33 F.4th 1254, 1261 (9th Cir. 2022) ("At the COA stage, we ask only if the District Court's decision was debatable." (internal quotation marks and citation omitted)).

///
///
///
///
///
///

3

**IT IS THEREFORE ORDERED** that:

(1) the Report is **ACCEPTED**;

(2) the FAP is **DENIED**;

(3) the request for an evidentiary hearing is **DENIED**;

(4) a COA is **GRANTED** on Ground One, and **DENIED** as to the remaining grounds;

(5) judgment be entered **DISMISSING** this action with prejudice.

Dated: November 19, 2025

_____
MICHAEL W. FITZGERALD
United States District Judge